E. K. Weir *v.* Elizabethtown & Paducah R. Co.

**Principal and Agent—Authority of Railroad Engineer.**
> General authority conferred by a railroad company upon its chief engineer to make contracts for its construction gives such agent no power to contract with the owners of mines to construct switches or branch roads to such mines.

**Proof to Establish Agency.**
> Statements and letters of the agent are not admissible in evidence to establish the agency.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

May 11, 1876.

Opinion by Judge Pryor:

It is admitted by the answer that McLeod is or was the chief engineer of defendant's road, and as such had the general authority to superintend and control its construction. Numerous witnesses were

introduced showing that this engineer made contracts for its construction, and was no doubt authorized to do so by reason of his superior skill in the construction of such improvements. This general authority of the road to make contracts for its construction conferred upon him no power to make contracts with the owners of mines, to contract switches or branch roads to their mines. His agency, so far as this record shows, extended to the construction of the road, and from it is not to be implied a power to contract for, or contribute to branch roads owned by others, although it may appear beneficial to the company. Such authority must be shown. The fact that one such contract had been made by this engineer or some other officer that had been approved by the company was no evidence from which the existence of a general authority in such matters was to be inferred; and the court should have excluded it from the jury. Nor were the statements or letters of the engineer competent evidence to establish the agency.

This fact must be brought home to the company, and when established, the declarations and conduct of the agent in the discharge of the duties of his employment would be competent. The engineer was a competent witness, and by him the agency, if it existed, could have been shown; certainly his declarations were incompetent to establish that fact.

The company was not compelled to bring its books or private correspondence into court to enable the appellant to make out his case. The rule was, therefore, properly refused. It is unnecessary to notice the other questions used by counsel for the appellee in the case.

Judgment *affirmed*.

*M. Mundy, J. C. Walker, W. Whitaker, for appellant.*

*H. C. Pindell, for appellee.*